UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW J. DAVISON,<br><br>　　　　Defendant. | Case No. 2:19-CR-0207-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Andrew Davison's Motion for Early Termination of Supervised Release. Dkt. 58. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In December 2019, Davison pleaded guilty to one count of assault resulting in serious bodily injury to a spouse or intimate partner in violation of 18 U.S.C. §§ 113(a)(7) and 1153. In May 2020, this Court sentenced him to twenty-one months' imprisonment followed by three years of supervised release. Davison's term of supervision began in December 2020 and is set to expire in December 2023.

Davison now asks the Court for early termination of supervised release. He reports that the rehabilitative purposes of supervised release have been served and that his exemplary post-conviction conduct warrants early termination. At this point, Davison has completed approximately two-and-a-half years of his three-year term.

MEMORANDUM DECISION & ORDER – 1

The Government objects to Davison's request and argues that he has done nothing more than comply with the terms of supervised release. The Government emphasizes that Davison's offense was serious, involving violence and substance abuse, and that he has a prior domestic violence conviction from 2018. *Gov. Resp.* at 3, Dkt. 60. Accordingly, the Government argues, continued accountability through supervised release is important to protect the public and ensure Davison's complete rehabilitation. *Id.*

Davison's Probation Officer reports that Davison is doing very well on supervised release, maintains frequent contact with her, and continues to maintain full-time employment.

## ANALYSIS

The Court has authority to order early termination of supervised release when doing so is warranted by the defendant's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The factors set forth in § 3553(a) are central to this determination.

The Court has carefully considered each of those factors in this case. Most critical here are the "nature and circumstances of the offense," "history and characteristics of the defendant," the need to protect the public, and the need to provide Davison with correctional treatment. § 3553(a)(1), (2)(C) & (2)(D).

Davison's offense conduct involved the dangerous combination of alcohol and violence. Considered along with his history of domestic violence, the nature of the

MEMORANDUM DECISION & ORDER –2

offense and history of the defendant both suggest a public benefit to ensuring full rehabilitation before terminating Davison's supervised release. Supervised release provides accountability for those who struggle with substance use and, in doing so, protects the public.

Equally compelling are the benefits of accountability to Davison himself. The Court wants Davison to continue his current upward trajectory toward complete rehabilitation. Serving the full term of supervised release will increase the likelihood of that happening.

The Court commends Davison for his compliance with the terms of supervised release. By all accounts, he is successfully reintegrating into his community, working hard, and advancing his future. But after reviewing the relevant factors, the Court sees no reason to prematurely end Davison's term of supervised release. The Court sentenced him to three years of supervised release for a reason and is not persuaded that early termination would serve the interest of justice. For this reason, the motion will be denied.

## ORDER

For the reasons set forth in the Memorandum Decision above, **IT THEREFORE IT IS HEREBY ORDERED** that the Motion for Early Termination of Supervised Release (Dkt. 58) is **DENIED**.

**MEMORANDUM DECISION & ORDER** –3

DATED: July 19, 2023

_____
B. Lynn Winmill
U.S. District Court Judge